**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*ex rel.* SAM MCCAHON,<br><br>        Plaintiffs,<br><br>   vs.<br><br>FLUOR CORPORATION, INC.;<br>FLUOR INTERCONTINENTAL, INC.; and<br>FLUOR GOVERNMENT GROUP, INC.,<br><br>        Defendants. | **Civil Action No. 20-cv-1439 (ACR)** |

**RELATOR'S MOTION FOR LEAVE TO AMEND COMPLAINT**

Plaintiff-Relator Sam W. McCahon ("Relator") respectfully moves under Rule 15(a)(2) for leave to file a Third Amended Complaint.  Prior to filing the motion, and after providing counsel for Defendants with a copy of the proposed amended pleading and a redline comparison to the currently operative pleading, Relator met and conferred with counsel for Defendants via videoconference on May 5, 2026. Following that meeting, Relator has been authorized to represent to the Court that, while Defendants do not consent to Relator's filing the amended pleading within the meaning of Rule 15(a)(2), they do not intend to oppose this motion.  Consistent with LCivR 15.1 and this Court's Standing Order in Civil Cases, copies of the proposed Third Amended Complaint are attached, both a clean copy and a redline comparison to the Second Amended Complaint.  Should leave to amend be granted, Relator will promptly file the Third Amended Complaint on the public docket, after which Defendants intend to renew their motion for summary judgment on public disclosure grounds.

**BACKGROUND**

This is a *qui tam* suit under the federal False Claims Act, in which the United States has not yet intervened. Relator alleges that Defendants fraudulently obtained billions of dollars under a federal contract to provide logistical support services to U.S. Army bases in northern Afghanistan.  According to the Second Amended Complaint (2AC), Defendants, together with their subcontractors, agents, and representatives, used a litany of deceptive and unlawful practices to recruit thousands of foreign workers ("OCNs"), mainly from India and Nepal, and then trafficked them to Northern Afghanistan, where they were held in conditions of involuntary or indentured servitude. As alleged, Defendants violated a number of federal laws illegalizing human trafficking and kickbacks on federal contracts and falsely certified their compliance therewith.

Relator filed his initial *qui tam* complaint on May 25, 2020, with the First Amended Complaint ("1AC") filed approximately a month later. ECF Nos. 1, 2. The Action remained under seal for almost four years while the United States Department of Justice ("DOJ") investigated Relator's allegations to decide whether to intervene. On March 18, 2024, DOJ advised the Court that it did not intend to intervene "at this time," reserving the right to do so later as it continued to investigate the case. ECF No. 16. Relator in due course filed the 2AC on November 8, 2024. ECF No. 39. Beyond the claims asserted in the 1AC, the 2AC alleged that Defendants knowingly misrepresented the Defense Base Act as an exclusive remedy to victimized OCNs, to prevent the Government from investigating Defendants' unlawful conduct  ECF No. 39, 2AC ¶¶ 326-37.

On March 11, 2025, Defendants deposed the Relator following the Court's determination that there should be "discrete, limited discovery" pertaining to "factual issues with respect to the statute of limitations." *See* ECF No. 53. Following the limited deposition, Defendants decided to move for summary judgment not on statute of limitations grounds but based on the public

2

disclosure affirmative defense. ECF No. 51. Thereafter, on June 23, 2025, Relator opposed Defendants' summary judgment motion, ECF No. 53, and Defendants replied on July 23, 2025. ECF No. 54. The Court held a hearing on the motion on November 12, 2025, at which it informed the Parties it would hold in abeyance a decision on the motion pending responses to the Parties' outstanding *Touhy* request subpoenas to various federal agencies. *See* ECF 61.

In March 2026, the parties received a third-party production from the State Department in response to subpoenas and *Touhy* requests which had been propounded on that agency the previous April. The State Department's production in response to the Parties' *Touhy* request subpoenas included Relator's 2010 memoranda to the State Department, which were the subject of extensive discussion in the Parties' briefing and argument on Defendants' summary judgment motion. These State Department documents potentially bear on the Parties' respective public disclosure and original source arguments.

Also in March 2026, Relator's lawyers from Tannenbaum Helpern Syracuse & Hirschtritt LLP, who had drafted and filed the previous pleadings as well as the papers in opposition to the summary judgment motion, withdrew from representing Relator in this case, and Motley Rice LLC ("Motley Rice"), which currently represents Relator in the parallel action entitled *United States ex rel. McCahon v. Amentum Holdings, Inc., et al.,* No. 20-cv-343-ACR (the "*Amentum* Action"), entered the case as substitute counsel.

On April 13, 2026, the parties informed the Court of these developments in a Joint Status Report, advising the Court of the Relator's intent to file a Third Amended Complaint (3AC) "drawn from these documents (either on consent of Defendants, or, if necessary, after seeking leave of Court), revising some of the allegations pertaining to Relator's 2010 engagement with the State Department and its relationship to his 2011 *Fraud* magazine article." ECF No. 71. The Court

responded on April 14 with a minute order denying as moot the Defendants' previous motion for summary judgment and ordering "the parties to file a proposed briefing schedule for a renewed Motion for Summary Judgment within 10 days of the forthcoming Third Amended Complaint's filing. The renewed Motion for Summary Judgment shall supersede the [51] Motion and will be filed instead of supplemental briefing to that motion in light of the 3AC." As noted above, Defendants, having thereafter been given an opportunity to review the proposed amended pleading before its submission to the Court, advised that they would not consent to its filing within the meaning of Rule 15(a)(2) but that they did not intend to oppose a motion seeking leave of Court. This motion follows.

## **ARGUMENT**

In the absence of Defendants' consent, Relator now respectfully seeks leave to amend the operative pleading under Rule 15(a)(2).  As reflected in the annexed redline comparison to the 2AC, the proposed 3AC makes three main sets of changes to the pleading. First, it incorporates the information newly received from the State Department regarding Relator's engagement with State in 2010 and the relationship between those interactions and his 2011 *Fraud* magazine article, which is one of the alleged public disclosures on which Defendants relied in their previous motion. Since Relator had not maintained copies of his 2010 memoranda to the State Department or his email communications with State officials from that period, these recent productions refreshed Relator's recollection as to a number of allegations in the pleading, necessitating a revised narrative in several places.  Second, the pleading revisions expand allegations relating to public disclosure and original source to address arguments Defendants advanced in their previous Motion for Summary Judgment on public disclosure grounds, especially in light of the new material Relator has received from recent third-party productions. Third, given Relator's recent change in

4

counsel, a number of revisions were necessary to conform aspects of the pleading to the approach Motley Rice took when representing Relator in the parallel *Amentum* case; likewise, new counsel undertook a number of factual corrections and quality-control edits to prior counsel's submission, aimed at making the operative pleading more precise, accurate, and consistent.

It is well-established that "Courts 'should freely give leave' for a party to amend a pleading 'when justice so requires.'" *Brink v. Cont'l Ins. Co.*, 787 F.3d 1120, 1128 (D.C. Cir. 2015) (quoting Fed. R. Civ. P. 15(a)(2)). "'In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Barkley v. U.S. Marshals Serv. ex rel. Hylton*, 766 F.3d 25, 38 (D.C. Cir. 2014) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Under Rule 15(a), the non-movant generally carries the burden in persuading the court to deny leave to amend." *Rumber v. D.C.*, 598 F.Supp.2d 97, 103 (D.D.C. 2009), *aff'd*, 595 F.3d 1298 (D.C. Cir. 2010).

Here, there is no apparent or declared reason for denying leave to amend, such as undue delay, bad faith or dilatory motive on Relator's part, futility of amendment, or undue prejudice to Defendants. There certainly is no indication of prejudice to Defendants, given that the case is essentially still at the pleadings stage and the parties have to date exchanged only limited discovery. And far from carrying their burden in persuading the court to deny leave to amend, Defendants have advised Relator that they do not intend to oppose this motion for leave.

Moreover, the standard for granting leave to amend is particularly liberal where, as here, the amended allegations "merely fine-tune the basis for the relief Plaintiffs seek in this action." *CAIR v. Gaubatz*, 793 F.Supp.2d 311, 324 (D.D.C. 2011). "Factual allegations of this kind, which

5

clarify but do not reshape the action, are rarely a bad thing." *Id.*  Each category of revisions Relator has proposed operates simply to clarify the basis of the relief Relator is seeking, to incorporate newly-gleaned information from third-party productions which refresh Relator's recollection as to important parts of the narrative, or to render the operative pleading more precise, accurate, and consistent, especially given that Relator is now represented by the same counsel in both of his parallel *qui tam* actions before this Court.

Rather than reshaping the action in any fundamental way, the amended pleading is also narrowly calibrated to address some of the issues Defendants raised in their Motion for Summary Judgment.  The D.C. Circuit has emphasized the importance of allowing a Relator to amend the pleading in response to a dispositive motion invoking the affirmative defense of public disclosure. *See United States ex rel. O'Connor v. U.S. Cellular Corp.*, 153 F.4th 1272, 1280 (D.C. Cir. 2025) ("The relator bears the burden of pleading and proving these elements because original-source status serves as an exception to the public-disclosure bar, and relators are also best situated to know the facts relevant to whether they qualify.  The relator can meet this burden by pointing to allegations in its complaint or, if the defendant raises the public-disclosure defense in a motion to dismiss, by seeking leave to amend the complaint." (internal citations and quotation marks omitted)).  Indeed, relying in part on *O'Connor*, this Court recently granted Relator leave to file a 3AC in the parallel *Amentum* action, and it has no basis not to do the same here.

## **CONCLUSION**

For the foregoing reasons, the motion for leave to amend should be granted.

Dated:    May 7, 2026

Respectfully submitted,

F. Franklin Amanat (D.C. Bar No. 433779)
Nathan Blakney (*pro hac vice*)
Paul Giannoglou (*pro hac vice*)
**MOTLEY RICE LLC**
800 Third Avenue, Suite 2401
New York, NY 10022
Tel:   212.577.0052
famanat@motleyrice.com
nblakney@motleyrice.com
pgiannoglou@motleyrice.com

*Counsel for Plaintiff/Relator Sam W. McCahon*

7